**SO ORDERED.**

**SIGNED this 24 day of August, 2017.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

DONALD E. TAYLOR and            CASE NO. 15-02730-5-SWH
ANNIE T. TAYLOR,                            CHAPTER 11

    DEBTORS

ORDER FINDING THAT STAY APPLIES AND
DENYING MOTION FOR STAY RELIEF

This matter came on to be heard upon Sound Rivers, Inc.'s and Waterkeeper Alliance, Inc.'s motion for an order confirming that the automatic stay does not apply or, in the alternative, for relief from the automatic stay (the "Stay Motion") regarding the continuation of the lawsuit filed in the United States District Court for the Eastern District of North Carolina, *North Carolina Justice Network, et al. vs. Mr. Donald Taylor and Ms. Annie Taylor, et al,* 4:12-cv-154-D (the "district court lawsuit"). That action presently is stayed by the district court's order dated June 3, 2015. Sound Rivers, Inc. ("Sound Rivers") and Waterkeeper Alliance, Inc. ("Waterkeeper") contend that the automatic stay imposed by 11 U.S.C. § 362(b)(4) does not apply with respect to the district court lawsuit or, if it does, that cause exists for the stay to be lifted. Debtors, on the other hand, maintain

that the stay is in place and that there is no cause to modify it. For the reasons that follow, the motion to confirm that the stay is inapplicable or to lift the stay is denied on both grounds.

## PROCEDURAL BACKGROUND AND DISCUSSION

The debtors filed a plan of reorganization on July 6, 2016, and the plan initially was scheduled for a confirmation hearing on August 25, 2016. That hearing was continued and is not currently calendared, as was discussed in the status conference[1] held on June 21, 2017. The Stay Motion originally was filed on July 10, 2015 (D.E. 61), and has been continued with the consent of the movants on several occasions to allow the court to consider other matters before this court, including Sound River's and Waterkeeper's (collectively "movants") motion for summary judgment in the related adversary proceeding (AP 15-00099-5-SWH), which was instituted by those parties to determine whether their requests for injunctive and other equitable relief in the district court lawsuit constituted claims under § 101(5) of the Bankruptcy Code. By order dated March 31, 2017, the court determined that they do not. (D.E. 29) The supplemental opinion setting out the bases for that determination was entered on May 31, 2017 (D.E. 30), and the adversary proceeding was closed on July 31, 2017. The remaining requests for relief in the district court lawsuit (other than requests for injunctive and other equitable relief) are for civil penalties, costs and attorneys' fees.

In the Stay Motion, movants contend that the automatic stay of 11 U.S.C. § 362 does not apply to the district court lawsuit because that lawsuit falls under the governmental regulatory exclusion to the stay, which is found in § 362(b)(4). Further, they argue that even if that exclusion does not apply, relief from the stay is warranted to allow them to proceed immediately with the

---

[1] A hearing on confirmation of the plan will be set for hearing subsequent to entry of this order and after consideration and resolution of the pending discovery matters.

district court lawsuit. Finally they assert that it is appropriate for the lawsuit to be resolved prior to the confirmation hearing in this case. The debtors deny that the exclusion is applicable or that stay relief is warranted. The court will consider each of these arguments in turn.

I.  **Applicability of the Governmental Regulatory Exclusion**

Section 362(b)(4) provides that the automatic stay does not operate to preclude the continuation of an action or proceeding against the debtor "by a governmental unit…to enforce such governmental unit's … police and regulatory power…." The movants contend that although they are not "governmental units in the most narrow and traditional definition," they should be treated as such with regard to the stay exclusion. Sound Rivers, Inc.'s and Waterkeeper Alliance, Inc.'s Motion for Order Confirming that Automatic Stay Does Not Apply Or, in the Alternative, Relief from the Automatic Stay at ¶ 43 (citing cases) ("Stay Motion") (D.E. 61). The movants concede that the courts are split on the issue of whether private citizens bringing compliance suits pursuant to a government unit's "police power" are deemed to constitute "governmental units" for purposes of §362(b)(4). *Id., citing, e.g., In re Halo Wireless Inc.*, 684 F.3d 581, 592 (5 th Cir. 2012) (holding that lawsuit originally commenced by private actors could continue pursuant to the "police power" exception of the automatic stay); *contra United States ex rel. Kolbeck. v. Point Blank Solutions, Inc.*, 444 B.R. 336, 339 (Bankr. E.D. Va. 2011) (noting that "an action conducted solely by a *qui tam* relator following the government's decision not to intervene is not 'an action or proceeding by a governmental unit' within the meaning of the 362(b)(4) governmental powers police exception"). Furthermore, the Fourth Circuit appears to have not yet addressed the issue. The movants assert that since the district court lawsuit seeks to vindicate the public interest, the government is the real party in interest and thus the § 362(b)(4) exclusion should apply:

3

> When determining whether the 362(b)(4) exception applies, courts look to the purpose of the laws that form the basis of the underlying lawsuit. [citation omitted] If the purpose of the law is to promote "public safety and welfare," Universal Life Church, Inc. v. United States (In re Universal Life Church, Inc.), 128 F.3d 1294, 1297 (9th Cir. 1997), or to "effectuate public policy," NLRB v. Edward Cooper Painting, Inc., 804 F.2d 934, 942 (6th Cir. 1986) (internal quotation marks omitted), then the exception applies. *Id.* On the other hand, if the purpose of the law relates "to the protection of the government's pecuniary interest in the debtor's property," Universal Life Church, 128 F.3d at 1297, or to "adjudicate private rights," Edward Cooper Painting, 804 F.2d. at 942 (internal quotation marks omitted), then the exception is inapplicable." *Id.*

Stay Motion at ¶ 67.

Debtors, on the other hand, cite the plain language of the statute, which requires that a movant be a governmental unit as defined by § 101(27) of the Bankruptcy Code for the exclusion to apply. That section provides that

> "'governmental unit' means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government[.]"

Debtors' Response in Opposition to Motion for Relief from Stay at 18 (hereinafter "Debtor's Response") (D.E. 75). They also point to the statute's legislative history, arguing that it demonstrates that the term "governmental unit" refers exclusively to actual governmental groups. Citing *United States ex rel. Kolbeck v. Point Blank Solutions, Inc.*, they note that

> [n]owhere in the statutory definition of "governmental unit" is there any reference to a private citizen or entity acting on behalf of the government .... Nor does the legislative history of the Bankruptcy Code reveal any intent on the part of Congress to include in the definition of "governmental unit" a private citizen or entity acting on behalf of the government. *See In re Revere Copper and Brass, Inc.*, 32 B.R. 725, 727 (S.D.N.Y. 1983) (recognizing that "[n]ot only is this provision explicitly limited to true governmental entities, but the legislative history of this definitional section provides [that] 'entities that operate through state action such as through the grant of a charter or license, and have no further connection with the state or federal government are not within the contemplation of the definition'") (citations omitted).

4

> It is clear, therefore, that "both the statutory language and the legislative history demonstrate that the term 'governmental unit' in the bankruptcy code refers exclusively to actual governmental groups and not to organizations [or private citizens] acting in a governmental capacity." *Id.*

Debtor's Response at 19, *quoting Kolbeck*, 444 B.R. at 339.

After full review of the very thorough analysis of this issue undertaken by both the movants and the debtors, the court is of the opinion that the authority upon which the debtors rely captures the better-reasoned view, which is to refrain from extending the exclusion to private citizens' suits such as the district court lawsuit, especially in the circumstances existing here, where the actual governmental unit(s) have refrained from participating over an extended period of time, reflecting in a very real sense, a lack of "public interest." This determination is buttressed by a generally accepted policy in favor of upholding the stay, and reading any exclusions narrowly. *See, e.g., In re McMullen*, 386 F.3d 320, 325 (1st Cir. 2004) (noting that "given the expansiveness of subsection 362(a), the exception contained in subsection 362(b)(4) is to be narrowly construed).

## II.     Propriety of Modifying the Stay

In addition, movants argue that cause exists to modify the stay to allow them to continue the district court lawsuit, which cause, they acknowledge, must be determined by courts on a case by case basis. *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992). In evaluating when relief from the automatic stay may be granted to permit litigation to go forward in a non-bankruptcy forum, courts consider factors that include whether 1) only issues of state law are involved; 2) judicial economy will be protected; 3) the litigation will not interfere with the bankruptcy case; and, 4) the estate can be protected by requiring that any judgment be enforced only through the bankruptcy court. *Id.* Here, movants state that a determination of the district court lawsuit is essential to this court's evaluation of the feasibility of the debtors' plan of reorganization, that the district court is best suited

5

to deal with complex environmental issues, and that the district court is especially familiar with this case given that the matter has been pending before it since 2012. Stay Motion at ¶ 116. Finally, movants argue that there will be a tremendous hardship to the environment and nearby residents of North Carolina if stay relief is not granted. *Id.* at ¶ 120.

The debtors oppose relief from the stay, arguing that the movants have not offered any cause for such relief and reminding this court of the requisite balancing test, which requires the court to balance the potential prejudice to the debtors and their bankruptcy estate if the stay is lifted and the movants are allowed to proceed with the district court lawsuit, against the hardship the movants will experience if the motion is denied and the automatic stay remains in place. *In re Myrick,* Case No. 09-08901-8-JRL (Bankr. E.D.N.C. Feb. 26, 2010), *citing In re Joyner*, 416 B.R. 190, 192 (Bankr. M.D.N.C. 2009). The debtors propose that the following factors, which are set out within their response as topics of inquiry, weigh in their favor: The movants have not sought any form of provisional injunctive relief in the form of a preliminary injunction or restraining order against the debtors which reflects a lack of both danger and existence of an overwhelming basis for the relief requested; there is no evidence yet produced from any witness who actually uses Long Branch Creek for recreational or other purposes; the movants have only tested the water quality at the confluence of Long Branch Creek and the Trent River once, in June 2010; the movants have failed to identify any instance where the debtors have spilled hog waste, improperly applied effluent to crops or violated the terms of their permit or Nutrient Management Plan; neither federal nor state regulatory authorities have seen fit to find the debtors in violation of applicable environmental laws and have not sought, after over four years, to intervene in the lawsuit; there is no evidence that such regulatory authorities are unable, unwilling or incompetent to monitor the debtors' farming operations; failure

to confirm a plan would not be in the best interests of the estate and creditors; and finally, it would be financially difficult, if not impossible, for the debtors to both defend the lawsuit and pay their creditors. Debtors' Response at pp. 30-31.

The court may grant relief from the stay only "for cause," and the determination of whether cause exists to grant such relief is within the discretion of the court. *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992); *Joyner*, 416 B.R. at 191-92. The court finds that the prejudice to the debtors if the stay is modified and the movants are allowed to continue the district court lawsuit far outweighs that which would be experienced by the movants if the stay remains in effect. The district court lawsuit had been ongoing for three years prior to the debtors' filing of this bankruptcy case, and the resulting drain on the funds of the debtor to defend that suit was exorbitant. The movants have been given an opportunity to preview their evidence in support of violations of federal environmental statutes, with the result being that this court was markedly underwhelmed. It also is particularly telling, and not surprising, that neither the state nor federal authorities found it necessary to intervene in the district court lawsuit or in this bankruptcy case. Moreover, the alternative to confirmation of the plan that has been filed by the debtors is dismissal or conversion, and ultimate liquidation of the debtors' farming operation. Such a result would not be in the best interests of the debtors or their estates especially when evaluated against the speculative nature of movants' entitlement to their requested relief.

Ultimately, movants cannot force the debtors to file a plan that "remediates" the alleged violations as espoused by the movants. Proceeding to confirmation without additional delay clearly is in the best interests of this estate and, significantly, its creditors. Finally, the court notes that the purpose of a plan of reorganization is to restructure the prepetition claims of the debtors. Upon the

request *of the movants*, this court has previously considered whether the injunctive and other equitable relief sought by the movants came within the definition of a claim, and concluded that it did not. There is no requirement under the Bankruptcy Code that a debtor must treat unliquidated, contingent "requests for relief" that do not constitute claims in a plan of reorganization. 11 U.S.C. § 1123. The only possible "claims" remaining in the district court lawsuit are for costs, court fines, and attorneys' fees. Inasmuch as these "claims" may be appropriate for estimation pursuant to § 502(c), since finally determining them would unduly delay the administration of the estate, stay relief is not necessary for their determination, treatment or discharge in this bankruptcy case.[2]

For the foregoing reasons, the § 362(b)(4) exception to the automatic stay does not apply, there is no reason to delay confirmation to have the issues now pending in the district court lawsuit determined and there is no cause to modify the stay to allow the movants to proceed with the district court lawsuit. It is therefore ordered that the movants' motion is **DENIED** on all grounds.

**END OF DOCUMENT**

---

[2] Although the court should consider the impact of potential "claims" arising out of pending litigation for feasibility purposes, *In re Harbin*, 486 F.3d 510 (9th Cir. 2007), the court is aware of no precedent requiring it to factor the effects of speculative equitable or injunctive relief into that confirmation analysis.